UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE FLANDERS, MICHAEL CALLARD and JOSH MCCARRON, individually and on behalf of the Classes, and others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>ELECTRIC POWER SYSTEMS INTERNATIONAL, INC.,<br><br>        Defendant. | CASE NO.: |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jesse Flanders, Michael Callard, and Josh McCarron ("Plaintiffs") on behalf of themselves and all others similarly situated, and on behalf of the members of the proposed Classes, by and through their attorneys, for their Class and Collective Action Complaint against Electric Power Systems International, Inc. ("Defendant"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This case is about Defendant's failure to pay its employees properly for the overtime hours they worked, in accordance with state and federal law. Plaintiffs, the Classes, and the similarly situated employees worked for Defendant as field technicians, performing field work on the electrical equipment of Defendant's customers nationwide.

2. Plaintiffs Jesse Flanders ("Plaintiff Flanders"), Michael Callard ("Plaintiff Callard"), and Josh McCarron ("Plaintiff McCarron") as class representatives (the "IMWL Rule 23 Class Representatives") bring this lawsuit under the Illinois Minimum Wage Law, 820 ILCS

§ 105/1 *et seq.* ("IMWL") for Defendant's failure to pay them, and other similarly situated persons, properly for the overtime hours they worked.

3. Plaintiff Flanders also brings this lawsuit as a class representative under Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay him and other similarly situated individuals (the "IWPCA Rule 23 Class") overtime wages at an agreed upon rate of pay for hours worked over 40 per week.

4. Plaintiffs Flanders, Callard, and McCarron also bring claims for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendant's failure to pay them, and those similarly situated, overtime wages.

5. Plaintiffs and those similarly situated customarily and regularly worked for Defendant in excess of forty (40) hours per week. Defendant knowingly required Plaintiffs and similarly situated employees to work overtime hours, but failed to pay them at the legally-required overtime rates of pay.

6. Plaintiffs' consent forms to join this action are attached as Exhibit A. In addition, to date, one other Plaintiff has also consented to bring overtime claims against Defendant by filing his consent form with this Court, attached as Exhibit B. As this case proceeds, it is likely that other individuals will also sign consent forms and join this action as opt-in plaintiffs.

## THE PARTIES

7. Plaintiff Jesse Flanders is a resident of Tennessee and worked for Defendant as a field technician from approximately September 2012 to August 2016. Defendant hired him out of its office in Lombard, Illinois. Plaintiff Flanders also worked out of Defendant's Nashville, Tennessee office after transferring toward the end of his employment with Defendant. Plaintiff

Flanders worked in Illinois, Tennessee and in many of the states in the upper Midwest, as assigned by Defendant. Plaintiff Flanders was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS § 105/3 and the IWPCA, 820 ILCS § 115/2.

8. Plaintiff Michael Callard is a resident of Indiana and worked for Defendant as a field technician from approximately September 2011 to December 2015. Defendant hired him out of its office in Lombard, Illinois. Plaintiff Callard worked in Illinois and in the surrounding states throughout the Midwest, as assigned by Defendant. Plaintiff Callard was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS § 105/3.

9. Plaintiff Josh McCarron is a resident of Indiana and worked for Defendant as a field technician from approximately December 2009 to July 2015. Defendant hired him out of its office in Lombard, Illinois. Plaintiff McCarron worked in Illinois and in the surrounding states throughout the Midwest, as assigned by Defendant. Plaintiff McCarron was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the IMWL, 820 ILCS § 105/3.

10. Defendant Electric Power Systems International is an independent electrical testing and engineering organization. According to its website, Defendant "specializes in engineering design, commissioning, start up, and maintenance testing for utility, industrial, transit, data centers, and commercial facilities." Defendant maintains approximately thirty (30) offices throughout the United States, including in Illinois.

## JURISDICTION AND VENUE

11. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

12. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims, as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

13. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendant regularly conducts business within this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

15. During the statutory period, Plaintiffs, the Classes and similarly situated individuals worked for Defendant as field technicians/field engineers (collectively "field technicians"). Defendant employs field technicians to provide testing, installation, maintenance, and troubleshooting of electrical equipment to its customers throughout the United States.

16. Defendant required Plaintiffs, the Classes, and similarly situated individuals to perform work that required them to exceed forty (40) hours per week. Defendant required field technicians to travel to work sites to perform work on assigned jobs, which ranged in duration from several days, to weeks and even months at a time. In the field, Defendant typically required Plaintiffs, the Classes and similarly situated individuals to work long hours. Plaintiffs typically started their work days at approximately 7 a.m., and often, for instance, worked until 5 or 6 p.m.

17. Defendant was aware, or should have been aware, that Plaintiffs, members of the Classes and those similarly situated performed work that required them to work overtime. Defendant assigned Plaintiffs' work schedules, which dictated the duration of specific work

4

assignments. In addition, Defendant required Plaintiffs, members of the Classes, and those similarly situated to report their work hours via weekly timesheets, which routinely reflected overtime hours.

18. Even though Defendant required Plaintiffs to work overtime hours, Defendant did not pay them properly for the hours they worked over forty (40) per week. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty per workweek.

19. Defendant classified Plaintiffs as non-exempt employees, yet did not pay them one and one-half times their regular hourly rates of pay for the overtime hours they worked. Rather, Defendant paid them straight time wages for all of their work hours, including overtime hours.

20. By way of example, in the pay period starting May 15, 2016 and ending May 28, 2016, Plaintiff Flanders worked a total of 97 hours, 17 of which were overtime hours. Defendant paid Plaintiff Flanders at his straight time rate of $25.96 for the overtime hours, rather than paying him at the required overtime rate of one and on-half times his regular rate of pay for those overtime hours.

21. As another example, in the pay period starting April 5, 2015 and ending April 18, 2015, Plaintiff Callard worked a total of 119 hours, 39 of which were overtime hours. Defendant paid Plaintiff Callard at his straight time rate of $28.84 for the overtime hours, rather than paying him at the required overtime rate of one and on-half times his regular rate of pay for those overtime hours.

22. Plaintiff McCarron similarly regularly worked overtime and was only paid his straight time rate for the overtime hours, as will be reflected in his payroll records in Defendant's possession.

23. Defendant did not pay Plaintiffs on a salary basis. This is reflected, for instance, in time and payroll records that demonstrate a practice of paying Plaintiffs for less than forty (40) hours in a workweek.

24. Defendant was further aware that it was not compensating Plaintiffs, the Classes, and similarly situated individuals properly for overtime because some of them complained to management about it. Specifically, Plaintiff Flanders questioned his supervisor about why he was not receiving time-and-a-half for overtime in approximately the end of 2014. Plaintiff Flanders' supervisor failed to provide an explanation, despite Plaintiff Flanders' follow-up on several occasions. Plaintiff Flanders raised his concerns and made similar complaints to other supervisors, including his supervisor after he transferred to Defendant's Nashville, Tennessee office. Since he was not able to get a definitive explanation, in approximately the summer of 2016, Plaintiff Flanders raised the issue with Charles Reid, Defendant's President. Mr. Reid acknowledged to Plaintiff Flanders that Defendant had erred, and indicated to him that Defendant should have been paying him time-and-a-half for overtime. Defendant confirmed it would begin paying Plaintiff Flanders time-and-a-half for overtime going forward; however, Plaintiff Flanders decided to separate from the company before the change in pay became effective.

25. Plaintiffs Callard and McCarron also questioned their supervisors about the fact that they were not paid time-and-a-half for overtime hours worked, but their concerns were ignored.

26. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). As a result of these unlawful practices, Plaintiffs suffered a loss of wages.

27. In addition, Defendant's conduct was a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a) and a willful violation of state law.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs, the Illinois Rule 23 Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

29. With respect to the claims under the IMWL, 820 ILCS. § 105/1 *et seq.*, the Class Representatives seek to represent a class that is composed of and defined as follows:

> **All persons Defendant employed in Illinois as field technicians, or in other similar positions, who were paid straight time for the overtime hours they worked at any time during the applicable three year statute of limitations (the "IMWL Rule 23 Class").**

30. With respect to the claims under the IWPCA, 820 ILCS § 115/1 *et seq.,* Plaintiff Flanders, as a Class Representative, seeks to represent a class that is composed of and defined as follows:

> **All persons Defendant employed in Illinois as field technicians who were paid straight time for overtime hours worked contrary to their written agreement with Defendant for overtime compensation at one and one-half their regular rate of pay during the applicable ten year statute of limitations (the "IWPCA Rule 23 Class").**

31. This action is brought pursuant to Fed. R. Civ. P. 23 because the Classes are so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, Defendant has

employed at least twenty (20) individuals who satisfy each of the Illinois Rule 23 Class definitions.

32. The Class Representatives and the Class Members from the IMWL and IWPCA Rule 23 Classes have been equally affected by Defendant's violations of law.

33. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the classes, if any. These common questions of law and fact include, without limitation:

> a) Whether Defendant unlawfully failed to pay Plaintiffs and the Illinois Rule 23 Classes overtime compensation in violation of the IMWL, 820 ILCS § 105/1 *et seq*. and the IWPCA, 820 ILCS § 115/1 *et seq*;
>
> b) Whether Defendant's conduct was willful; and
>
> c) The proper measure of damages sustained by the Class Representatives and the Class Members.

34. Plaintiffs' claims are typical of those of the members of the Illinois Rule 23 Classes. Plaintiffs, like the other members of the IMWL Rule 23 and IWPCA Rule 23 Classes, were subject to Defendant's policies and practices that resulted in a failure to compensate at the applicable overtime rates pursuant to Illinois law.

35. Plaintiffs and the Class Members of the IMWL and IWPCA Rule 23 Classes have sustained similar injuries as a result of Defendant's actions—they were all denied overtime pay, in violation of Illinois law.

36. Plaintiffs will fairly and adequately protect the interests of the IMWL and IWPCA Rule 23 Classes, and have retained counsel experienced in complex wage and hour class and collective action litigation.

37. This action is properly maintainable as a class action under Fed. R. Civ. P. 23 because questions of law and fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

## **COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiffs and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

39. Plaintiffs and the similarly situated individuals worked for Defendant as field technicians. They all performed similar work in conjunction with electrical equipment, which included testing, installation, maintenance, troubleshooting, and other related duties. They are also similar because they were not paid an overtime premium of one-and-one-half times their regular rate of pay for the hours they worked over 40 per week.

40. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as opt-in plaintiffs.

41. As alleged above, Plaintiffs and those similarly situated routinely worked over forty (40) hours in a workweek and were not compensated at the applicable overtime rate.

42. Plaintiffs seek to have certified a collective action consisting of the following:

9

> **All persons Defendant employed as field technicians, or in other similar positions, who were paid straight time for the overtime hours they worked at any time during the three year statute of limitations ("the FLSA Collective").**

43. Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.* and have caused significant damage to them.

44. Defendant is aware that Plaintiffs and those similarly situated work(ed) under these conditions, and yet Defendant still denied them the legally-required overtime compensation.

45. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

46. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and those similarly situated.

47. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
### Violation of the Illinois Minimum Wage Law ("IMWL")
### (On Behalf of Plaintiffs and the IMWL Rule 23 Class)

48. Plaintiffs and the IMWL Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

49. This count arises from the violation of the IMWL, 820 ILCS § 105/1 *et seq.*, for Defendant's failure to pay Plaintiffs and the IMWL Rule 23 Class overtime pay at the applicable overtime rates, for all time worked in excess of forty (40) hours in individual workweeks.

50. Plaintiffs and the IMWL Rule 23 Class are or were employees within the meaning of 820 ILCS § 105/3, and entitled to pay at a rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek pursuant to 820 ILCS § 105/4(a).

51. Defendant is or was an employer of Plaintiffs and the IMWL Rule 23 Class within the meaning of 820 ILCS § 105/3.

52. Plaintiffs, and on information and belief, the IMWL Rule 23 Class routinely work(ed) in excess of forty (40) hours per week, but did not receive proper compensation from Defendant at the applicable overtime rates.

53. In denying overtime compensation, Defendant violated the IMWL.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the IMWL Rule 23 Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the IMWL Rule 23 Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim. Plaintiffs and the IMWL Rule 23 Class are also entitled to recover damages in the amount of two percent (2%) per month of the amount of underpayments pursuant to 820 ILCS § 105/12(a).

**WHEREFORE**, the Class Representatives and the IMWL Rule 23 Class Members pray the following:

A. A determination that this action may be maintained as a class action, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

B. Judgment that Defendant violated the overtime provisions of the IMWL;

C. Judgment against Defendant for an amount equal to Plaintiffs' and the IMWL Rule 23 Class' unpaid back wages at the applicable overtime rate;

D. Interest on the back wages in accordance with 815 ILCS § 205/2 and damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

E. An award of costs and reasonable attorneys' fees incurred in prosecuting this claim;

F. Leave to amend this Complaint to add relevant claims and plaintiffs; and

G. For such further relief as this Court deems just and equitable.

## COUNT II
### Violation of the Illinois Wage Payment and Collection Act ("IWPCA")
### (On Behalf of Plaintiff Flanders and the IWPCA Rule 23 Class)

55. Plaintiff Flanders alleges and incorporates by reference the allegations in the preceding paragraphs.

56. This count arises under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for Defendant's failure and refusal to pay Plaintiff Flanders for all of his earned wages at the rates agreed to in writing by him and Defendant.

57. Plaintiff Flanders and members of the IWPCA Rule 23 Class are or were employees within the meaning of 820 ILCS § 115/2.

58. Defendant was an employer of Plaintiff Flanders and members of the IWPCA Rule 23 Class within the meaning of 820 ILCS § 115/2.

59. When Defendant hired Plaintiff Flanders, Defendant's offer letter included a provision that provided it would compensate Plaintiff Flanders at a rate of one and one-half times his regular rate of pay for all overtime hours worked. Despite the written agreement, during the course of his employment with Defendant, Plaintiff Flanders was not compensated at one and one-half times his regular rate of pay for all overtime hours worked over 40 per week. Instead,

Defendant paid him straight time for the overtime hours he worked. Upon information and belief, others may be similarly situated.

60. Defendant's failure to pay Plaintiff Flanders and members of the IWPCA Class for all earned wages at the rates agreed upon by the parties, violated the IWPCA.

61. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff Flanders and members of the IWPCA Class have suffered a loss of income and other damages. Plaintiffs Flanders and members of the IWPCA Class are entitled to recover damages in the amount of two percent (2%) per month of the amount of underpayments pursuant to 820 ILCS § 115/14.

**WHEREFORE**, Plaintiff Flanders and members of the IWPCA Rule 23 Class pray the following:

- A. A determination that this action may be maintained as a class action, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

- B. Judgment that Defendant violated the IWPCA;

- C. Judgment against Defendant in an amount equal to Plaintiff Flanders' and the IWPCA Rule 23 Class' unpaid back wages at the applicable rate;

- D. Interest on the back wages in accordance with 815 ILCS § 205/2 and damages pursuant to the formula set forth in 820 ILCS § 115/14;

- E. An award of all costs and reasonable attorneys' fees;

- F. Leave to amend this Complaint to add relevant claims and plaintiffs; and

- G. For such further relief as the Court deems just and equitable.

### COUNT III
**Breach of Contract**
**(On Behalf of Plaintiff Flanders)**

62. Plaintiff Flanders re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

63. Defendant entered into a valid contract with Plaintiff Flanders.

64. The contract provides that Plaintiff Flanders will be paid time-and-half for any overtime hours worked over 40 hours per week.

65. Defendant failed to honor this contract by paying him straight time (his regular rate of pay) for the overtime hours he worked. By paying him straight time for his hours worked over forty (40) per week, Defendant breached this contract.

66. Defendant's actions were willful and the product of bad faith and not the result of a mistake or inadvertence.

67. As a direct result of Defendant's unlawful conduct, Plaintiff Flanders has suffered a significant loss of income.

68. Plaintiff Flanders is entitled to recover damages for unpaid overtime earnings owed under the contract and for other appropriate relief as the Court deems just and proper.

## COUNT IV
### Violation of the Fair Labor Standards Act ("FLSA")
### (On Behalf of Plaintiffs and the FLSA Collective)

69. Plaintiffs and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

70. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

71. Plaintiffs and those similarly situated are employees within the meaning of 29 U.S.C. § 203(e) and entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

72. Defendant was an employer of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), and was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s).

73. Plaintiffs and those similarly situated routinely work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

74. In denying overtime compensation, Defendant violated the FLSA.

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

76. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

77. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

**WHEREFORE,** Plaintiffs, individually and on behalf of those similarly situated, pray for the following:

A. A determination that this action may be maintained as an FLSA collective action;

B. Judgment that Defendant violated the overtime provisions of the FLSA;

C. Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

D. An equal amount to the unpaid back wages as liquidated damages;

E. An award of interest (to the extent liquidated damages are not awarded);

F. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

    G.      An award of costs and reasonable attorneys' fees; and

    H.      Such further relief as the Court deems just and equitable.

Dated: 11/17/16

                            *s/Michele R. Fisher*
NICHOLS KASTER, PLLP
Michele R. Fisher
fisher@nka.com
Jason D. Friedman*
jfriedman@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*Pro hac vice admission forthcoming*

JAC A. COTIGUALA & ASSOCIATES
Jac A. Cotiguala
jaccotiguala@hotmail.com
431 Dearborn Street, Suite 606
Chicago, IL 60605
Telephone: (312) 939-2100
Fax: (312) 939-2200

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASSES